UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
LEA ROSEN,

                  Plaintiff,

      -against-

LJ ROSS ASSOCIATES, INC.,

                  Defendant.
------------------------------------------------------------ X

**REPORT AND RECOMMENDATION**
19 Civ. 5516 (ARR) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

      Plaintiff Lea Rosen ("Plaintiff") commenced this action against Defendant LJ Ross Associates, Inc. ("Defendant"), see Complaint ("Compl."), ECF No. 1, alleging two violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Plaintiff subsequently amended her complaint to assert a total of five violations of the FDCPA. See First Amended Complaint ("FAC"), ECF No. 14.

      The Honorable Allyne R. Ross granted Plaintiff's motion for summary judgment, denied Defendant's cross-motion for summary judgment and awarded Plaintiff statutory damages in the amount of $500.00. See Opinion & Order ("SJ Opinion"), ECF No. 49, 2021 WL 3112321 (E.D.N.Y. July 22, 2021). The SJ Opinion further referred Plaintiff's claims for attorneys' fees and costs to the undersigned. Id. at 12; 2021 WL 3112321, at *6. Plaintiff timely filed her motion for attorneys' fees, see Motion, ECF No. 51; Defendant responded, see ECF No. 54 ("Def.'s Opp."); and Plaintiff filed her reply. See ECF No. 55 ("Pl.'s Reply"). For the reasons and to the extent set forth below, it is respectfully recommended that Plaintiff's motion be granted in part and denied in part, and that she be awarded attorneys' fees and costs in the total amount of $24,804.10.

## I. BACKGROUND

### A. Factual History

Familiarity with the facts as set forth in the SJ Opinion is assumed. In brief, Plaintiff owed a debt to Con Edison that was transferred to Defendant for collection. Defendant sent Plaintiff a letter dated October 1, 2018 (the "October Letter), see FAC Ex. 1, stating an amount due of $543.93. After the October Letter was sent, Plaintiff's husband, non-party Abraham Rosen, made a $100.00 payment toward the debt. See SJ Opinion at 2, 2021 WL 3112321, at *1.

During a telephone call between Mr. Rosen and Defendant's representative on November 20, 2018, Mr. Rosen was told that the balance was $443.93. See SJ Opinion at 2, 2021 WL 3112321, at *1. Mr. Rosen asked Defendant to "send me bills" and to "send me something in writing." See id. When the representative asked if Plaintiff had received Defendant's previous letter, Mr. Rosen responded "No," to which the representative responded that she would send a "validation letter." See id. On November 21, 2018, Defendant sent Plaintiff a second letter (the "November Letter"), see FAC Ex. 2, that showed an amount due of $543.93.

### B. Procedural History

#### i. Case Filing And Early Motion Practice

On September 30, 2019, Plaintiff filed the Complaint in this action asserting two claims under the FDCPA. The first claim alleged that both the October Letter and the November Letter violated §§ 1692e and 1692e(10) because the validation notice was open to more than one reasonable interpretation. The second claim alleged that the use of the language "MAIL ALL CORRESPONDENCES TO:" was false, deceptive, or misleading and overshadowed the requirements of § 1692g by leading "the least sophisticated consumer to believe that her dispute must be in writing and sent to the stated address." Compl. ¶ 73. Plaintiff brought the action

"individually and as a class action on behalf of all persons similarly situated in the State of New York." Id. ¶ 86.

On December 3, 2019, Defendant filed a motion to dismiss the Complaint for failure to state a claim. See ECF No. 13. Plaintiff did not respond to the motion, but instead filed the FAC asserting five FDCPA claims. In addition to restating the two claims from the original Complaint, now designated as Counts Four and Five, Plaintiff added three claims related to the amount of the debt as stated in the October and November Letters. Count One alleged that the October Letter misstated the amount of the debt in violation of § 1692g(a)(1)'s requirement that the initial communication provide the amount of the debt. Id. ¶¶ 44-54. Counts Two and Three alleged violations of §§ 1692e, 1692e(2)(A) and 1692e(10) as to the October Letter and November Letter, claiming that the misstatement of the amount of the debt in each letter was false, deceptive or misleading. Id. ¶¶ 55-69, 70-84. Plaintiff again included class allegations and asserted that she was acting individually and as a class action. Id. ¶137.

Defendant's motion to dismiss was re-briefed based on the FAC and timely filed. See ECF No. 19. Defendant sought dismissal of the original two claims now enumerated as Count Four and Five for failure to state a claim, and further sought dismissal of the class-action allegations as they pertained to Counts One, Two and Three. See id. Defendant did not seek dismissal of Counts One, Two or Three themselves.

District Judge Ross granted the motion to dismiss Counts Four and Five, but the Court declined to decide the class-certification issue, finding the motion "premature, as it comes before any discovery or even the filing of a motion for class certification." Opinion & Order, ECF No. 20 at 14. Defendant filed its answer, see ECF No. 21, and the case proceeded to discovery.

3

### ii. Discovery

The parties appeared before this Court by telephone for an initial conference, see Minute Entry of 8/6/2020, and a Scheduling Order was issued, see Scheduling Order of 8/6/2020. Shortly thereafter, Defendant moved by letter motion to compel the depositions of Plaintiff and Mr. Rosen. See ECF No. 28. Plaintiff opposed the motion by letter, see ECF No. 29. After a telephone proceeding, the motion to compel the depositions was granted. See Order of 9/8/2020.

On September 25, 2020, the parties filed a Stipulation of Partial Dismissal reflecting their agreement to dismiss Counts One and Two, with prejudice. See ECF No. 30. District Judge Ross So-Ordered the Stipulation, leaving only Count Three in the action. See ECF No. 31.

A review of the docket suggests that the rest of discovery was largely uneventful. Depositions were delayed somewhat due to Covid-19, see Joint Status letter of 10/22/2020, ECF No. 33, and an additional telephone status conference was conducted, see Minute Entry of 10/29/2020. The issue of whether the remaining claim lent itself to class-action treatment was addressed at the status conference. See Transcript, ECF No. 35. Defense counsel filed a status letter noting that the parties had resolved the issue of class discovery as "Plaintiff agrees to dismiss her class claims, mooting any purported need for class discovery." Letter of 11/3/2020, ECF No. 34. The parties indicated that discovery was complete by joint letter dated November 30, 2020, see ECF No. 36, and this Court certified the completion of discovery. See Order of 12/1/2020.

### iii. Summary Judgment Motion

Plaintiff moved, and Defendant cross-moved, for summary judgment on the lone remaining claim, Count Three. See ECF Nos. 44-46. District Judge Ross issued the SJ Opinion, finding, inter alia, that the November Letter violated the FDCPA and that Defendant failed to

4

establish its entitlement to the bona fide error defense.  See SJ Opinion; 2021 WL 3112321.  As to damages, Judge Ross acknowledged the maximum statutory amount of $1,000, but awarded $500, noting that there was no indication that Defendant's single violation of the FDCPA was intentional, and that "Defendant's culpability in sending its misleading letter, which overstated [P]laintiff's debt by $100, is mitigated somewhat by the fact that [D]efendant verbally informed plaintiff of the correct amount owed."  Id. at 11-12; 2021 WL 3112321, at *6.  Plaintiff's claims for attorneys' fees and costs were referred to this Court.  Id. at 12; 2021 WL 3112321, at *6.

### iv.  Current Motion For Attorneys' Fees And Costs

Plaintiff now seeks $46,527.50 in attorneys' fees and $885.65 in costs for a total award of $47,413.15.  See Plaintiff's Memorandum of Law in Support ("Pl.'s Mem") at 10, ECF No. 51-1; Declaration of Craig B. Sanders ("Sanders Decl."), ECF No. 51-2.  Defendant opposes the motion, arguing that (1) Plaintiff's lawsuit was not a "successful action" and thus she is not entitled to any attorneys' fees, see Def.'s Opp. at 1, or alternatively, (2) the fees sought are unreasonable and should be reduced by at least 90% for an award of $4,741.32.  Id. at 3.  Defendant further opposes an award of costs, citing Plaintiff's failure to document those expenditures.  Id. at 15.

## II.  LEGAL STANDARDS

The FDCPA expressly authorizes an award of attorneys' fees and costs, allowing a prevailing party to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court."  FDCPA, 15 U.S.C. § 1692k(a)(3).  The Second Circuit has indicated that the "award of costs and fees to a successful plaintiff appears to be mandatory."  Jacobson v. Healthcare Fin. Servs., 516 F.3d 85, 95 n.8 (2d Cir. 2008); see Rudler v. MLA L. Offs., Ltd., No. 19 CV 2170 (EK) (LB), 2021 WL 4755521, at *2 (E.D.N.Y. July 1, 2021) ("The Second Circuit

5

has generally viewed the attorney's fees provision of the FDCPA as mandatory, awarding costs and reasonable fees as 'a matter of course' to prevailing plaintiffs."), report & recommendation adopted as modified, 2021 WL 4398087 (E.D.N.Y. Sept. 27, 2021).

When determining the reasonableness of legal fees, the court must establish the "presumptively reasonable fee" for an attorney's services. Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009). In calculating the presumptively reasonable fee, the court looks to what a reasonable, paying client would be willing to pay, "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 190 (2d Cir. 2008). The prevailing method for calculating a presumptively reasonable fee award on a fee application is "the lodestar–the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (citing Arbor Hill, 522 F.3d at 183). The court should "bear in mind all of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of [attorneys'] fees in setting a reasonable hourly rate." Arbor Hill, 522 F.3d at 190. Beyond calculation of the lodestar amount, there are other factors "that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

The party seeking reimbursement of attorneys' fees bears the burden of proving the reasonableness of the fees sought. See Savoie v. Merchs. Bank, 166 F.3d 456, 463 (2d Cir. 1999). The request must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates on which the work was performed. See Cruz v. Local Union No. 3, 34 F.3d 1148, 1160-61 (2d Cir. 1994).

6

In making a fee determination, "district courts have broad discretion, using 'their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent and the rates charged in a given case.'" AW Indus. v. Sleep Well Mattress, Inc., No. 07 Civ. 3969 (SLT) (JMA), 2009 WL 485186, at *5 (E.D.N.Y. Feb. 26, 2009) (quoting Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992)).

### III. DISCUSSION

#### A. Prevailing Party

Defendant first argues that because Plaintiff prevailed on only one of five counts alleged, the lawsuit was not a "successful action" within the meaning of the FDCPA so Plaintiff is not entitled to any award of attorneys' fees or costs. Defendant does not cite case law or statutory support for its argument that some unspecified degree of success is necessary before an award of mandatory attorneys' fees is warranted. It is beyond dispute that Plaintiff prevailed on one of her claims; thus, Plaintiff is a prevailing party under the statute.

Although her partial success does not bar recovery of fees, the amount of recoverable fees may be affected by the degree of Plaintiff's success. See generally Kassim v. City of Schenectady, 415 F.3d 246, 256 (2d Cir. 2005) (a district court has the authority "to reduce the fee awarded to a prevailing plaintiff below the lodestar by reason of the plaintiff's 'partial or limited success'"). "The law in the Second Circuit is clear that a plaintiff may recover attorney's fees for 'hours spent on [the] unsuccessful claims . . . if the claims are inextricably intertwined and involve a common core of facts.'" Douyon v. N.Y. Med. Health Care, P.C., 49 F. Supp. 3d 328, 338-39 (E.D.N.Y. 2014) (quoting Reiter v. Metro. Transp. Auth. of the State of N.Y., No. 01 Civ. 2762 (GWG), 2007 WL 2775144, at *13 (S.D.N.Y. Sept. 25, 2007) (internal quotation

7

marks & citation omitted)).[1]

It is respectfully recommended that Plaintiff be awarded her reasonable attorneys' fees and costs as a prevailing party only as to Count Three. The Court turns to a determination of the amount of the award.

### B. Award Of Reasonable Attorneys' Fees And Costs

Plaintiff seeks attorneys' fees in the total amount of $46,527.50 for 152.5 hours billed.[2] Defendant contends that if fees are awarded, the amount sought should be reduced by at least 90%.

Plaintiff supports her request for attorneys' fees with contemporaneous time entries and billing records showing 152.5 hours billed by seven billing professionals: two partners, three associates and three paralegals. See Sanders Decl. Ex. 1, ECF No. 51-3 ("Time Records"). Mr.

---

[1] To the extent Defendant suggests that the award of attorneys' fees should be limited in light of the $500 in damages awarded on Plaintiff's successful claim, there is no requirement that attorneys' fees must be proportional to the damages actually recovered. To the contrary,

> [w]here fee-shifting statutes are applied, the Second Circuit has emphatically stated that: "[e]specially for claims where the financial recovery is likely to be small, calculating attorneys' fees as a proportion of damages runs directly contrary to the purpose of fee-shifting statutes: assuring that civil rights claims of modest cash value can attract competent counsel. The whole purpose of fee-shifting statutes is to generate attorneys' fees that are disproportionate to the plaintiff's recovery."

Tjartjalis v. Bureau, No. 14 Civ. 1412 (LDW), 2016 WL 4223493, at *2 (E.D.N.Y. Aug. 9, 2016) (awarding $14,315 in attorneys' fees in FDCPA case where damages award was $1,200) (quoting Millea, 658 F.3d at 169 (emphasis in original)).

[2] The "Attorney Total" line set forth on the final page of the Time Records lists incorrect totals of 178.8 for the "Total Hour" column, 155.5 for the "Hours Billed" column and $46,527.00 for the "Total Billed" column. The totals of 175.8, 152.5, and $46,527.50, respectively, will be used in this Report. Although the Time Records show a total of 175.8 hours, Plaintiff is not seeking to recover for the total number of hours billed, having excluded various entries reflecting interoffice meetings with multiple staff members. Time billed by a fourth associate totaling 5.1 hours has also been omitted from the fee application.

8

Sanders provides the following information regarding the billing professionals: (1) principal attorney Sanders, a named partner with over 28 years' experience who has prosecuted "thousands of cases brought under the FDCPA," Sanders Decl. ¶ 2; (2) principal attorney David Barshay, a named partner with about 22 years' experience with a focus on federal civil litigation, id. ¶ 3; (3) Jonathan Cader, a senior associate with 14 years' experience, mostly in bankruptcy, but his "more recent federal civil litigation practice has focused primarily" on FDCPA cases, id. ¶ 4; (4) Jitesh Dudani, described as a third-year associate who earned his J.D at some unspecified time from the University of California-Berkeley and who works on consumer protection cases, id. ¶ 5; (5) Nicole Rallis, a second-year associate who graduated from Fordham University School of Law in 2019, id., and (6) three paralegals, Christian Garcia, Stacey Berkowitz, and Angeliza Franco, identified as having "performed service in this matter" without reference to information regarding their backgrounds or levels of experience, id. ¶ 7.

Plaintiff seeks to recover the following fees as documented by the Time Records:

| Billing Prof'l | Hourly Rate Sought | Hours Billed | Fee Sought |
|---|---|---|---|
| Sanders | $375.00 | 41.3 | $ 15,487.50 |
| Barshay | $375.00 | 10.8 | $  4,050.00 |
| Cader | $300.00 | 74.8 | $ 22,440.00 |
| Dudani | $225.00 | 9.2 | $  2,070.00 |
| Rallis | $200.00 | 8.4 | $  1,680.00 |
| Franco | $100.00 | 4.4 | $    440.00 |
| Garcia | $100.00 | 3.1 | $    320.00 |
| Berkowitz | $100.00 | 0.5 | $     50.00 |

### i. Hourly Rate

In assessing the reasonableness of an attorney's hourly rate, the court must consider whether the requested rates are in line with those prevailing in the relevant community for similar services by lawyers of reasonably comparable skill, expertise and reputation. See Blum Stenson, 465 U.S. 886, 895 n.11 (1984). "[C]ourts in the Second Circuit follow the forum rule,

9

which dictates that 'courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" Bond v. Welpak Corp., No. 15 Civ. 2403 (JBW) (SMG), 2017 WL 4325819, at *5 (E.D.N.Y. Sept. 26, 2017) (quoting Simmons, 575 F.3d at 174). "[T]he prevailing rates for experienced counsel in FDCPA cases in this district range from approximately $300 to $400 per hour." McMillan v. Tate & Kirlin Assocs., Inc., No. 20 Civ. 777 (LDH) (RML), 2020 WL 7632092, at *4 (E.D.N.Y. Dec. 1, 2020), report & recommendation adopted, 2020 WL 7625369 (E.D.N.Y. Dec. 22, 2020); see Seeger v. Ross & Assocs., No. 18 Civ. 3969 (ADS) (AYS), 2019 WL 5695944, at *5 (E.D.N.Y. Aug. 6, 2019) (in FDCPA cases, courts in this district have found "reasonable hourly rates to be approximately $300–$450 for partners, $200–$325 for senior associates, and $100–$200 for junior associates" (internal quotation marks & citation omitted)). In addition to customary billing rates, "case-specific factors like the novelty or complexity of the matter are appropriately considered in determining the reasonable hourly rate or hours billed." Lilly v. City of New York, 934 F.3d 222, 232 (2d Cir. 2019).

The two principal attorneys, Mr. Sanders and Mr. Barshay, each claim a billing rate of $375 per hour. Recent cases in this district have approved hourly rates for these two attorneys ranging from $350 to $370. See Bannister v. Berkman Henoch Peterson Peddy & Fenchel, PC, No. 20 Civ. 1810 (MKB) (AKT), 2021 WL 4268139, at *6 (E.D.N.Y. July 23, 2021) (attorneys Sanders and Barshay requested and received $370 per hour), report & recommendation adopted, 2021 WL 3578526 (E.D.N.Y. Aug. 12, 2021); Berkowitz v. Universal Collection Servs., Inc., No. 19 Civ. 453 (JMA), 2020 WL 8675383, at *2 (E.D.N.Y. July 16, 2020) (reducing rates from $575 to $350 for both Mr. Barshay and Mr. Sanders); Datiz v. Int'l Recovery Assocs., Inc., No. 15 Civ. 3549 (DRH) (AKT), 2020 WL 5899881, at *8 (E.D.N.Y. Mar. 12, 2020) (reasonable

hourly rate for attorneys Sanders and Barshay set at $370 reduced from $450), report & recommendation adopted as modified, 2020 WL 3790348 (E.D.N.Y. July 7, 2020). The Court respectfully recommends that an hourly rate of $370 be approved for both Mr. Sanders and Mr. Barshay as consistent with District rates for experienced attorneys practicing consumer litigation.

Defendant challenges the $300 hourly rate charged by senior associate Cader, arguing that his hourly rate should be reduced to $240. Although Mr. Cader has been admitted to the practice of law in New York since 2007, see Sanders Decl. ¶ 4, he "only recently focused his practice on consumer protection claims." Datiz, 2020 WL 5899881, at *8 (reducing Mr. Cader's hourly rate to $240 "[b]ased on his level of experience with FDCPA matters"); see Bannister, 2021 WL 4268139, at * 6 (reducing Mr. Cader's requested hourly rate of $300 to $250). The Court respectfully recommends a reasonable hourly rate of $250 for Mr. Cader.

Defendant has not challenged the hourly rates of the remaining billing professionals, whose rates fall at the top of the range of generally approved rates in this District. It is respectfully recommended that their hourly rates be approved.

### ii. Hours Expended

#### a) Compensable Hours

As Defendant argues, it can only be required to pay for hours attributable to Plaintiff's success. See Def.'s Opp. at 12. In this case, a significant portion of the litigation for which compensation is requested did not relate to Count Three such that it cannot be charged to Defendant. For example, the initial complaint did not include Count Three, but only the two claims dismissed as Counts Four and Five of the FAC. Thus, the initial complaint did not contain any successful claims such that work on it should largely be removed.[3] Defendant's

---

[3] Two entries totaling .5 hours on 9/3/2019 will be excluded.

11

motion to dismiss successfully sought dismissal of only Counts Four and Five, the original two counts, and did not address the merits of Count Three. Therefore, any entries billed regarding Defendant's motion to dismiss either the Complaint or the FAC should be excluded.[4] A further review of the Time Records shows that several discussions about dismissing only Counts One and Two were held although they clearly did not relate to the single successful claim and cannot be part of the fee award.[5]

With regard to discovery, it is not possible on the record to tease apart the necessary work from the work unrelated to Count Three. The Court notes that the summary-judgment decision relies on the paper record, the Roberts-Stewart Deposition and the Abraham Rosen Deposition, see SJ Opinion at 1-3, 2021 WL 3112321, at *1, such that it is reasonable to conclude that the discovery taken was necessary to Plaintiff's success on Count Three. The Court rejects Defendant's challenge to these parts of Plaintiff's motion as being unrelated to Plaintiff's success.

For the foregoing reasons, it is respectfully recommended that a total of 26.6 hours be excluded as unrelated to Count Three. Deducting these exclusions for discrete tasks unrelated to

---

[4] Including time billed to respond to Defendant's premotion conference request and responding to the motion itself, a total of 25.3 hours was billed to the motion to dismiss. Excluded entries include billings on: 11/4/2019 (2 entries); 11/14/2019 (all); 12/3/2019 (1); 12/5/2019 (1); 1/2/2020 (2); 1/20/2020 (1); 2/7/2020 (1); 2/10/2020 (all); 2/18/2020 (all); 3/23/2020 (all).

[5] Excluded entries were billed on 3/24/2020, 9/23/2020, and two on 9/25/2020, for a total of 0.8 hours.

Count Three to the hours billed by professional results in the following compensable hours:

| Billing Prof'l | Hours Billed | Hours Excluded | Compensable Hours |
|---|---|---|---|
| Sanders | 41.3 | 8.9 | 32.4 |
| Barshay | 10.8 | 0.3 | 10.5 |
| Cader | 74.8 | 16.8 | 58.0 |
| Dudani | 9.2 | 0 | 9.2 |
| Rallis | 8.4 | 0 | 8.4 |
| Franco | 4.4 | 0.6 | 3.8 |
| Garcia | 3.1 | 0 | 3.1 |
| Berkowitz | 0.5 | 0 | 0.5 |

**b) Reasonableness Of Hours Expended**

The Court must also determine the reasonableness of the hours expended. When considering an application for attorneys' fees, the court should exclude "excessive, redundant, or otherwise unnecessary" hours. See Hensley, 461 U.S. at 434. "[I]n dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation marks & citation omitted); see also Cap. One, N.A. v. Auto Gallery Motors, LLC, No. 16 Civ. 6534 (PKC) (SIL), 2020 WL 423422, at *2 (E.D.N.Y. Jan. 27, 2020) (if the hours claimed are "insufficiently documented, the court may decrease the award, either by eliminating compensation for unreasonable hours or by making across-the-board percentage cuts in the total hours for which reimbursement is sought" (internal quotation marks & citation omitted)). The time billed for tasks, and in some instances, the level of professional who performed the task, has resulted in unnecessary billing requiring reduction.[6]

---

[6] The Court appreciates that Plaintiff's counsel has taken some steps to exercise of billing judgment by removing 23.3 hours billed from the fee application. The majority of those exclusions were multiple entries for meetings between billing professionals. While that effort is

13

In determining reasonable attorneys' fees, the Court strives to set the presumptively reasonable fee -- what a reasonable client would be willing to pay. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important [in the statutory fee-shifting context]. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." Hensley, 461 U.S. at 434 (internal quotation marks & citation omitted). For example, counsel billed approximately 45 hours for the summary judgment practice. For this time expenditure, counsel produced a motion for summary judgment that included an eight-page memorandum of law, a three-page Rule 56.1 Statement and an eight-page reply memorandum of law, as well as a thirteen-page memorandum in opposition to Defendant's cross-motion. This Court does not believe that a reasonable paying client would be willing to pay approximately $15,592.00 for summary-judgment-motion practice in this case. The fees requested for the motion practice should be partially reduced.

In the same vein, the time spent on the three depositions also should be modestly reduced. According to Defendant, the depositions of Plaintiff and Abraham Rosen took a total of 4.5 hours, and the deposition of Defendant's witness took one hour. See Def.'s Opp. at 6. Plaintiff does not disagree with the duration of the depositions. Plaintiff's counsel billed a total of 9.2 hours related to the depositions of Plaintiff and her husband: 3.9 hours to prepare the witnesses, 3.5 hours to take the depositions, and 1.8. hours to draft a file memo regarding those depositions. See Time Records of 11/2/2020, 11/3/2020. Plaintiff's counsel invested 6.6 hours to prepare for the 1-hour deposition of Defendant's witness, and an additional 1.2 hours, more time than the actual proceeding, to draft a file memo about the deposition. See id. 11/5/2020, 11/6/2020.

---

commendable, it is insufficient to address the remaining billing inefficiencies.

14

Further, the case was overstaffed in that some work was carried out by a professional with greater experience than needed. Despite the staffing on the case of several associates at various levels of seniority and multiple paralegals, partners billed time for simple tasks such as preparing subpoenas and a Rule 30(b)(6) notice, see Time Records, 9/21/2020; reviewing the District Court's website for form confidentiality orders, id. 9/30/2020; and a "[c]ursory review of judges rules," id. 10/1/2019. Mr. Cader, designated as a senior associate and for whom Plaintiff seeks a high hourly rate, had his work routinely reviewed and checked by a partner. See, e.g., id. 12/17/2019 (Mr. Cader billed 0.6 to draft the FAC, Mr. Sanders 0.3 to review and edit); 12/30/2020 (Mr. Cader billed 1.0 to draft a premotion conference letter, Mr. Sanders billed 0.4 to review the letter); 2/22/21 (Mr. Cader billed 2.5 hours to, inter alia, draft a Rule 56.1 statement and his own declaration, Mr. Sanders billed 0.9 to review and edit both). In addition, administrative work unrelated to the litigation has been included here, such as the processing of the retainer agreement. See id. 7/15/2019. Although a necessary case management activity, managing the firm's financial relationship with its client is not an aspect of litigation against Defendant for which Defendant can be held responsible.

The Court respectfully recommends that a modest percentage reduction be applied to the hours it has determined are compensable. Upon a thorough review of the time records and considering all the factors, particularly the lack of complexity or novelty in the case, the excessive amount of time billed, the duplicative entries on the same or similar tasks and the instances of partners performing work that should have been done by a low-level associate or paralegal, the Court finds that a 30% reduction in the compensable hours billed to a total of 88.13 hours, would trim the excess and result in a reasonable number of hours billed.

Applying the reduced hourly rates and the 30% reduction to the compensable hours results in the following award:

| Billing Prof'l | Adjusted Hourly Rate | Compensable Hours | Hours after 30% reduction | Fee Award |
|---|---|---|---|---|
| Sanders | $370.00 | 32.4 | 22.68 | $ 8,391.60 |
| Barshay | $370.00 | 10.5 | 7.35 | $ 2,719.50 |
| Cader | $250.00 | 58.0 | 40.6 | $10,150.00 |
| Dudani | $225.00 | 9.2 | 6.44 | $ 1,449.00 |
| Rallis | $200.00 | 8.4 | 5.88 | $ 1,176.00 |
| Franco | $100.00 | 3.8 | 2.66 | $ 266.00 |
| Garcia | $100.00 | 3.1 | 2.17 | $ 217.00 |
| Berkowitz | $100.00 | 0.5 | 0.35 | $ 35.00 |

The Court respectfully recommends an award of attorneys' fees in the total amount of $24,404.10.

### iii. Costs

Plaintiff further seeks costs in the following amounts: (1) the $400.00 filing fee; (2) $35.05 as the process server's fee; and (3) $450.60 for deposition transcripts. Pl.'s Mem. at 10. Although these costs appear as line items in the Time Records, Plaintiff has not provided invoices or documentation substantiating these costs. See Local Civil Rule 54.1 ("The bill of costs shall include an affidavit that the costs claimed are allowable by law, are correctly stated and were necessarily incurred. Bills for the costs claimed shall be attached as exhibits."). In the absence of documentation, costs may not be awarded. See Datiz, 2020 WL 5899881, at *14 (declining to award costs for service of process where only evidence submitted was a billing record without supporting documentation). However, judicial notice may be taken as to payment of the district's filing fee as a cost. See Rudler v. Houslanger & Assocs., PLLC, No. 18 Civ. 7068 (SJF) (AYS), 2020 WL 473619, at *12 (E.D.N.Y. Jan. 29, 2020). The docket reflects Plaintiff's payment of the $400.00 filing fee, see ECF No. 1, and the Court respectfully

16

recommends that Plaintiff be awarded this amount as a cost.

## IV. CONCLUSION

For the reasons stated above, this Court respectfully recommends that Plaintiff's motion be granted to the extent that she be awarded $24,404.10 in attorneys' fees and $400.00 in costs for a total award of **$24,804.10**.

## V. OBJECTIONS

A copy of this report and recommendation is being provided to the parties via ECF. Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge]'s report operates as a waiver of any further judicial review of the magistrate [judge]'s decision.").

Dated: Brooklyn, New York
      January 24, 2022

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge